James Weiler; AZ Bar No. 034371
**WEILER LAW, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
Attorney for Gates

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **V.I.P. Mortgage, Inc.;** an Arizona Corporation;<br><br>Plaintiff/Respondent,<br><br>v.<br><br>**Jennifer Gates**, an Arizona Resident;<br><br>Defendant/Claimant. | Case No. 2:24-CV-02865-DWL<br><br>**MOTION FOR ATTORNEYS' FEES**<br><br>**(Assigned to the Hon. Dominic W. Lanza)** |

In accordance with Fed. R. Civ. P. 54, LRCiv 54.2, and 29 U.S.C. § 216(b), Defendant/Claimant Jennifer Gates ("**Gates**") by and through undersigned counsel, files this Motion for Attorneys' Fees. As set forth below, attorneys' fees are warranted, and are in fact required, because Gates was the prevailing party with respect to her claim in post-judgment action under the Fair Labor Standards Act ("**FLSA**") against Plaintiff/Respondent V.I.P. Mortgage, Inc. ("**VIP**"). On November 14, 2024, the Court denied VIP's petition to vacate the arbitration award and granted Gates's motion to confirm the award (Dkts. 12, 13). This Motion is further supported by the following memorandum of points and authorities.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Gates filed a demand for arbitration on September 30, 2022, alleging that VIP violated her rights protected under the FLSA by not paying her overtime for hours worked. On July 22, 2024, the Arbitrator issued a Final Award to Gates in the amount of $650,805.41 for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. (Dkt. 6-1).

On October 21, 2024, VIP filed a complaint and petition with this Court to vacate and/or modify the arbitration Award. (Dkt. 1). On October 24, 2024, Ms. Gates filed a motion to confirm the arbitration award and to enter judgment. (Dkt. 6). On November 14, 2024, this Court entered an Order denying VIP's vacatur petition and granting Ms. Gates's motion to confirm the arbitration award, and a Judgment of Dismissal confirming the arbitration award and dismissing the case. (Dkts. 12, 13).

With this Motion, Gates applies to the Court for an award of attorneys' fees and costs on the post-judgment action to confirm the arbitration Award, as authorized pursuant to the FLSA, 29 U.S.C. § 216(b).

## II. ELIGIBILITY & ENTITLEMENT

### A. Attorneys' Fees and Costs Incurred, Including in Confirming the Arbitrator's Award, are Required Because Ms. Gates is the Prevailing Party in an FLSA Action.

The FLSA contains a fee-shifting provision that requires defendants to pay attorneys' fees and costs to a prevailing plaintiff. ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). 29 U.S.C. § 216(b).

Attorneys' fee "awards may include fees for appellate and post-remand services." *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) (citing *Perkins v. Standard Oil Co.*, 399 U.S. 222, 26 L. Ed. 2d 534, 90 S. Ct. 1989 (1970); *Suzuki v. Yuen*, 678 F.2d 761, 762 (9th Cir. 1982)). Additionally, a "[p]laintiff is entitled to a supplemental award of attorneys' fees incurred in connection with post-judgment filings before this Court." *McGrath v. Cent. Masonry Corp.*, Civil Action No. 06-cv-00224-CMA-CBS, 2010 U.S. Dist. LEXIS 152322, at *28 (D. Colo. Feb. 26, 2010).

In the Order confirming the arbitration award, this Court advised Gates to review two cases, where the Court indicated "the standards governing fee requests in proceedings to vacate/confirm an arbitration award." (Dkt. 12, at 10, n.3). Mindful of the Court's direction, Gates respectfully maintains that the authority cited is inapplicable in the instant matter for the following reasons.

While it is true that the Federal Arbitration Act does not provide attorneys' fees to a party who is successful in seeking confirmation of an arbitration award, "Federal courts may award attorneys' fees if there is a valid contract that provides for the award, an express statutory authority or rule authorizing the award, or if the opposing party 'has acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Ralph v. HAJ, Inc.*, No. 17cv1332 JM(LL), 2021 U.S. Dist. LEXIS 59813, at *16-17 (S.D. Cal. Mar. 26, 2021) (citing *United States v. Standard Oil Co.*, 603 F.2d 100 (9th Cir.1979) (internal quotations and citations omitted)).

The cases cited by this Court, *Holsum Bakery Inc. v. Bakery, Confectionary, Tobacco Workers & Grain Millers, Loc. 232*, 699 F. App'x 690 (9th Cir. 2017) and *Riverside Eng'g Inc. v. Gemini Ins. Co.*, 2024 WL 4165397 (D. Ariz. 2024), were raised

pursuant to contract disputes, unlike the instant case, which was brought under the FLSA, which has a statutory provision governing attorneys' fee awards. Note that while the dispute in *Holsum Bakery* arose due to non-payment of overtime wages, the action was initiated as a violation of the collective bargaining agreement rather than the FLSA. *Riverside* is even more inapposite as it was raised pursuant to a purchase agreement for an office shredder.

Courts in this Circuit and others have widely held that the provision in the FLSA and other statutory fee-shifting statutes include attorneys' fee awards for successfully obtaining confirmation of an arbitrator's decision. *See Ronquillo v. Nabors Compeltion & Prod. Servs.*, No. 2:21-cv-05535-DDP (JPR), 2021 U.S. Dist. LEXIS 259760, at *7-8 (C.D. Cal. Nov. 22, 2021) ("This Court's conclusion is also consistent with district courts nation-wide that have awarded attorneys' fees to plaintiffs who have successfully confirmed or defended an arbitration award pursuant to an applicable fee-shifting statute.") (citing *Johnson v. Parts Auth., LLC*, No. 16-cv-06852 (DLI) (RML), 2021 U.S. Dist. LEXIS 176541, 2021 WL 4221775, at *3 (E.D.N.Y. Sept. 16, 2021); *Nelson v. PJ Cheese, Inc.*, No. 4:20-CV-00242-JPB, 2021 U.S. Dist. LEXIS 114633, 2021 WL 2493252, at *2 (N.D. Ga. June 17, 2021) ("Because the FLSA provides that a plaintiff who receives a judgment in his favor is entitled to attorney's fees and costs, this Court finds it appropriate to award Petitioner the attorney's fees that he incurred in confirming the award."); *Ralph v. HAJ, Inc.*, No. 17cv1332 JM(LL), 2021 U.S. Dist. LEXIS 59813, 2021 WL 1175437, at *6 (S.D. Cal. Mar. 29, 2021) (awarding post-arbitration fees pursuant to mandatory fee-shifting provisions under FLSA and California Labor Code); *Ashton v. PJ Louisiana, Inc.*, No. 19-901, 2020 U.S. Dist. LEXIS 39661, 2020 WL 1068161, at *2 (W.D. La. Mar. 3,

2020) ("This Court finds that [plaintiff] is legally entitled to recover her attorney's fees incurred in the confirmation of the arbitration award."); *Pearsall v. Delta Career Educ. Corp.*, No. 7:17-CV-226-FL, 2018 U.S. Dist. LEXIS 105553, 2018 WL 3117231, at *2 (E.D.N.C. June 25, 2018) (awarding post-arbitration fees "in light of the 'generous standard' for award of attorney's fees under Title VII"); *Morrill v. G.A. Wright Mktg., Inc.*, No. 04-cv-01744-MSK-BNB, 2006 U.S. Dist. LEXIS 52726, 2006 WL 2038419, at *5 (D. Colo. July 18, 2006) (awarding attorneys' fees to an ADEA plaintiff for defending an arbitration award regardless of "[w]hether the instant proceedings are characterized as an appeal, enforcement or some other collateral proceeding")). *See also Nelson v. PJ Cheese, Inc.*, No. 4:20-CV-00242-JPB, 2023 U.S. Dist. LEXIS 120156, at *6 (N.D. Ga. July 12, 2023) ("this Court finds that under the FLSA, a prevailing party is entitled to an award of attorney's fees for post-judgment collection efforts. The Court further finds that the motion is not time-barred and that the fee-shifting provision of the FLSA applies even though the action was brought under the FAA.").

Therefore, given the widely held practice of the federal courts throughout the nation granting attorneys' fees and costs incurred in the confirmation of arbitration awards in statutory fee-shifting cases, Gates moves that the instant fee application be similarly granted by this Court.

**B.  Ms. Gates is Entitled to Fees and Costs Incurred that are Associated with Preparing this Motion.**

Gates is also entitled to her attorneys' fees and costs for the preparation of this Motion. A party that is entitled to an award of attorney fees is entitled to compensation for time expended on an application for attorney's fees. *Pure Wafer Inc. v. City of Prescott*,

No. 13-CV-8236, 2014 WL 3797850, at *11 (D. Ariz., July 29, 2014), *quoting Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) ("It would be inconsistent with the purpose of (the statute) to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee."). *See also Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) ("The cases from this and other circuits uniformly hold that a lawyer should receive a fee for successfully litigating the attorney fee case after the original case is over . . .."), *abrogated on other grounds by The Northeast Ohio Coalition for the Homeless v. Husted*, 861 F.3d 686 (6th Cir. 2016). The District of Arizona has also recognized that Arizona law supports the recovery of attorneys' fees incurred in preparing a fee application. *Gametech Int'l, Inc. v. Trend Gaming Sys.,* LLC, 380 F.Supp.2d 1084, 1101 (D. Ariz. 2005) (citing *Schweiger v. China Doll Rest. Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983)). Therefore, the attorneys' time to prepare this Motion is included in the itemized statement of attorneys' fees expended. (Attached hereto as "**Exhibit 2**" and emailed Excel Spreadsheet).

### III.   REASONABLENESS OF REQUESTED AWARD

In determining an award of attorneys' fees in a FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), *superseded by statute on other grounds*. The "reasonable hourly rate" is not determined by the rates charged but by the rate prevailing in the community for "similar work performed by attorneys of comparable skill,

experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1988). These factors are: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 n. 6 (9th Cir. 1987).

The attached declaration of James Weiler (attached hereto as "**Exhibit 1**") establishes the reasonableness of the fees requested. An itemized statement of attorneys' fees expended contains the attorneys' time spent prosecuting this claim. (*See* **Exhibit 2** or ("**Excel Spreadsheet**")). Factors to consider when determining whether the amount of fees is reasonable include, but are not limited to, the following: (1) Time and labor required of counsel; (2) Requisite skill required to perform legal services; (3) Customary fee charged; (4) Reasonableness of fee agreement; (5) Amount of money and the results obtained; (6) Experience, reputation, and ability of counsel; (7) Nature and length of counsel's attorney-client relationship; and (8) Any other matters deemed appropriate under the circumstances. *See* LRCiv. 54.2(c)(3) (listing the various factors bearing on the reasonableness of the requested award of attorneys' fees). Under the Lodestar and *Kerr* frameworks, an evaluation of the appropriate factors listed in Local Rule 54.2(c)(3) establishes that the requested attorneys' fees award is reasonable in this action.

1. **Time and Labor Required of Counsel and Support Staff.**

Undersigned Counsel's declaration demonstrates that the qualities of Gates's advocates warrant the fees requested. The Excel Spreadsheet contains a log of all time expended on this case.

Support staff for Weiler Law spent approximately 3 hours working on this case, which has been written off in its entirety. At a paralegal/support staff rate of $100 per hour the potential support staff time that has been omitted amounts to $300. Additionally, Attorney Jason Barratt has spent time corresponding with opposing counsel regarding the payment of the judgment, negotiating attorney's fees per the local rules, and other review of filings which is not included in this application. This further demonstrates the reasonableness of the fees requested in this motion.

2. **Novelty and difficulty of the questions**

The Claims themselves were fairly straight forward as were the Applications/Motions before this Court but there were different novelty arguments made by both sides and the Arbitrator/Court ruled accordingly.

3. **Requisite Skill Required to Perform Legal Services.**

The skill and competence are exhibited by the fact that Gates was awarded by the Arbitrator in the amount of $650,805.41 for her unpaid overtime wages due, liquidated damages, and attorneys' fees and costs that was then confirmed by this Court.

4. **Preclusion of other employment by counsel because of the acceptance of the action.**

None.

### 5. Customary fee charged.

James Weiler, a partner at Weiler Law PLLC who has over 15 years' experience as a litigator, and bills for his services at $413.30 per hour. Ex. 1. The rate of $413.30 per hour is appropriate and commensurate with his experience when compared to the rate charged by other attorneys of similar experience and capabilities—especially where the recovery of their fees is contingent on a successful outcome.

The reasonable rate should generally be guided by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11, 104 S.Ct. 1541 (1984)). The prevailing market rate in the community in which the lawsuit was filed is indicative of a reasonable hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Plaintiff bears the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal citation omitted) (citing *Blum*, 465 U.S. at 895 n.11, 104 S.Ct. 1541). The production of "satisfactory evidence" is not limited by Local Rule 54.2, which permits supporting documentation such as "other affidavits or evidentiary matter deemed appropriate under the circumstances." LRCiv 54.2(d)(5).

In general, "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *Id.* In addition, the Arizona District Court has also considered other supporting

evidence of the reasonableness of an attorney's hourly rate including: the Laffey Matrix, *Savage v. NIC, Inc.*, No. 208-CV-01780-PHX-JAT, 2010 WL 2347028, at *5 (D. Ariz. June 9, 2010); affidavits from other practitioners in the same area of law, *Id.*; and third-party surveys on hourly rates in Arizona, *e.g., Jason v. Maxwell & Morgan PC*, No. CV-16-02894-PHX-SRB, 2019 WL 5654469, at *2 (D. Ariz. Feb. 11, 2019) (consulting the 2016 Economics of Law Practice in Arizona, a State Bar of Arizona report).  Other districts have considered "expert reports comparing a particular attorney's or firm's rates charged to rates of similar attorneys and firms during the same time period; and evidence of market conditions at that time." *Demodulation, Inc. v. United States*, 123 Fed. Cl. 408, 412 (2015).  Each of these forms of evidence supporting counsel's reasonable fee rate are discussed below.

      **a.**  **Gates's Counsel's Affidavit**

Gates's Counsel's affidavit states that the rate of $413.30/hour is commensurate with his experience level, and is well within the standard hourly rates charged by other law firms in the Phoenix Metropolitan Area, particularly given the skill level and time commitment required to successfully litigate a FLSA lawsuit.  Ex. 1.

      **b.**  **Rate determinations in other cases**

In *Ausseresses v. Pride Sec. LLC*, 2024 U.S. Dist. LEXIS 87358, *8, the Court stated, "Counsel's hourly rate is $405.27, and counsel devoted 10.7 hours to this case. That hourly rate is consistent with the hourly rate prevailing in the community for attorneys with the same amount of experience."  The Court used the attached expert report (Exhibit 3) as a guide on the hourly rate.  The report was submitted for a partner at Weiler Law PLLC, Jason Barratt.  Attorney Weiler and Attorney Barratt have comparable experience. That

motion was filed in Quarter 1 of 2024. We are currently in Quarter 4 of 2024 and therefore the rate has increased as shown in the report.

### c. Expert Report

Gates has also provided the Expert Report of Philip J. Cross, Ph.D., which relies on 37 FLSA cases in this District, the Bureau of Labor Statistics Employment Cost Index, and his knowledge and experience as an economist with inflation factored into hourly rates. This expert report was used in the case of *Wallace v. Victor's Landscaping Incorporated et al* – CV-23-00809-PHX-DLR and has a forecasting table from each quarter from Quarter 3 of 2023 to Quarter 4 of 2025.

Dr. Cross opines that the $400 billing rate at the time the expert report was created (August 20, 2023) is "well in line with other rates approved by the Court." *Expert Report of Philip J. Cross, Ph. D.,* attached hereto as "**Exhibit 3.**" After applying a wage inflation rate to fees awarded in other FLSA cases, Dr. Cross also opined that billing rates approved within the last ten years have a mean billing rate of $406.26 and a median billing rate of $389.19. Ex. 3. The Court may consider this expert report because it is considered "evidentiary matter" under Local Rule 54.2(d)(5).

Table 1 on the expert report shows a forecasting of reasonable hourly billing rates for each quarter. The current quarter that this motion is being filed in is Quarter 4 in 2024, which shows a rate of $413.30. Exhibit 3 at pg. 5.

The Courts in *Mumphrey v. Good Neighbor Cmty. Servs. LLC, 2023 U.S. Dist. LEXIS 223449, \*6* and *Ausseresses* were persuaded by the expert report and therefore this Court should award Undersigned with the Quarter 4 of 2024 rate of $413.30.

**6. <u>Whether the fee contracted between the attorney and the client is fixed or contingent.</u>**

FLSA cases are traditionally accepted on a contingency fee basis where the attorney must bear all risks associated with prosecuting the plaintiffs' claims. This case is no different: Plaintiff retained counsel on a pure contingency fee agreement under which Plaintiff would owe nothing to counsel, and counsel would not have received reimbursement from Plaintiff for attorneys' fees, were they not to prevail.

Additionally, all out of pocket costs were also paid by the firm with no guarantee of reimbursement.

The firm has also fronted all collection costs for the client with no guarantee of recovery of the judgment or reimbursement from the client.

**7. <u>Time limitations imposed by the client or the circumstances.</u>**

None.

**8. <u>Amount of money and the results obtained.</u>**

Gates was awarded by the Arbitrator in the amount of $650,805.41 for her unpaid overtime wages due, liquidated damages, and attorneys' fees and costs that was then confirmed by this Court. This is an excellent result.

**9. <u>Experience, reputation, and ability of counsel.</u>**

The experience and qualifications of counsel are documented in the Declaration of James Weiler in Exhibit 1.

**10. <u>Undesirability of the case</u>**

From the outset, the prosecution of any FLSA case involves significant financial risks for counsel. Undersigned undertook this matter solely on a contingent basis, with no

guarantee of recovery of fees or even reimbursement of costs, ability to collect on this matter in the event of a judgment or settlement, and no guarantee as to the potential duration of this litigation.

While attorneys who regularly represent corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results. It is for that reason that Weiler Law agreed to litigate this case on a wholly contingent basis. In doing so, there was, and is, no guarantee of fees, or even the reimbursement of litigation costs. Similarly, there is no guarantee as to the potential duration of the litigation or the collectability.

**11.    Nature and length of counsel's attorney-client relationship.**

The firm has never represented Gates before.

**12.    Awards in similar actions.**

In *Vazquez v. Johnson*, 2023 U.S. Dist. LEXIS 110932, *9, the Court awarded Plaintiff $11,514 in attorneys' fees.

**13.    Any other matters.**

Attached hereto as **"Exhibit 4"** is the "Statement of Consultation" required by LRCiv 54.2(d)(1). Attached hereto as "**Exhibit 5**" is Gates' engagement agreement required by LRCiv 54.2(d)(2).

**IV.    CONCLUSION**

For the foregoing reasons, this Court should award Ms. Gates her total attorneys' fees in the amount of **$10,539.15.** The Court should also award post judgment interest.

RESPECTFULLY SUBMITTED November 26, 2024

**WEILER LAW, PLLC**

By: /s/ James Weiler
    5050 N. 40th St., Suite 260
    Phoenix, AZ 85018
    Attorneys for Respondent

**CERTIFICATE OF SERVICE**

I hereby certify that on November 26, 2024, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

/s/ Ashley Peschke