EXHIBIT 1

**EXHIBIT 1**

James Weiler; AZ Bar No. 034371
**WEILER LAW, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com
Attorney for Claimant

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **V.I.P. Mortgage, Inc.;** an Arizona Corporation; <br><br> Plaintiff/Respondent, <br><br> v. <br><br> **Jennifer Gates**, an Arizona Resident; <br><br> Defendant/Claimant. | Case No. 2:24-CV-02865-DWL <br><br> **DECLARATION OF JAMES WEILER** <br><br> **(Assigned to the Hon. Dominic W. Lanza)** |

1. I am counsel of record for Defendant/Claimant Jannifer Gates in the above-entitled action. I have been the principal attorney involved in this case.

2. I submit this Declaration in support of Defendant/Claimant's Motion for Award of Attorneys' Fees and Costs.

3. I have been a member in good standing of the State Bar of Arizona since April of 2018. I have been a member in good standing of the State Bar of Illinois since November of 2009. During my entire tenure as a litigator, I have litigated numerous wage and hour employment law claims. All of my wage and hour employment law cases are contingency cases.

4. I attended The Ohio State University from 2002-2006, and successfully

Page **1** of **5**

earned my bachelor's degree in Finance and Real Estate & Urban Analysis. Following undergrad, I earned my *Juris Doctor* from Loyola U. Chicago School of Law in 2009. I was licensed to practice law in Illinois in November of 2009. I was subsequently admitted to practice law in Arizona in April of 2018.

5. I practice employment law and have represented numerous employment litigation plaintiffs in both Superior Court and the Federal Court for the District of Arizona.

6. I am one of two partners of a law firm located in Phoenix, Arizona, with four attorneys (including myself). My law firm, Weiler Law PLLC, focuses primarily on plaintiffs' employment litigation and wage and hour claims.

7. I acted as lead counsel for the entirety of this matter. As lead counsel, I was responsible for the day-to-day activities of the lawsuit including correspondence, drafting pleadings, discovery, motions, hearings, and the arbitration trial.

8. From the outset, the prosecution of any FLSA case involves significant financial risks for counsel. I undertook this matter solely on a forty percent contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, and no guarantee as to the potential duration of this litigation.

9. While attorneys who regularly represent corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results. It is for that reason that Weiler Law PLLC agreed to litigate this case on a wholly contingent basis.

10. I have not received any payment for accrued attorneys' fees or costs. Although the Plaintiff in this case was never obligated to pay an hourly rate, my hourly rate

is $413.30 per hour. This hourly rate is commensurate with my experience level, and is well within the standard hourly rates charged by other law firms in the Phoenix Metropolitan Area, particularly given the skill level and time commitment required to successfully litigate a FLSA lawsuit.

11. All attorneys at my firm maintain detailed daily time records on behalf of our clients. Such time is recorded in $1/10^{th}$ of an hour increments. Each time record is maintained on the firm's computers, the firm's network, and then is backed-up online. All fee records are prepared contemporaneously with the time or expense that is being billed.

12. I have personally rendered all of the services reflected in the Billing Summaries under the initial "JW". Those Billing Summaries reflect the date that the service was rendered; a description of the work actually performed; and the amount of time expended (in tenths of an hour).

13. As reflected in the excel spreadsheet, the legal fees incurred in this case total 25.5 hours at $413.30 per hour.

14. Some of the entries included in the spreadsheet contain general descriptions of the work performed and were prepared for the purpose of protecting attorney-client communications.

15. The time reflected in the attached Billing Summaries do not represent all time expended on the case. Some of the time spent was never entered onto timesheets or eliminated in a review of the billing summaries, including time spent reviewing matters or research and time spent thinking about the case away from the office. An effective "write down" has therefore occurred such that the total amount of time spent has not been summarized in the attached billing statement. I estimate the reduction of time was

approximately 10-15% of the total time actually recorded on the final attached billing summary.

16. During the pendency of this case, my firm has employed no less than three support staff personnel that have assisted in the prosecution of this matter. The support staff have, *inter alia*, prepared correspondence, organized and filed pleadings, docketed and calendared deadlines, and communicated status updates to clients. The support staff has conservatively spent approximately 3 hours working on this case. The support staff time is not reflected in the Billing Summaries because I have decided to write off this time in its entirety. At a paralegal/support staff rate of $100 per hour, the potential billable support staff time would equal $300.

17. During the course of my firm's representation of Gates, I have exercised billing judgment by striking items from this fee request that are duplicative, if any, or other time for which the firm would not expect to be compensated.

18. In light of the foregoing, we request that the Court award Gates' attorneys' fees in the amount of $10,539.15.

19. On November 25, 2024, my Partner Jason Barrat extended an offer to settle with VIP for $7,500. This was first sent through email and then he tried to call Opposing Counsel's office in which he did not answer and has not responded to date. A copy of the email containing the good faith offer is attached as **Exhibit 4**.

20. I declare under penalty of perjury that the foregoing is true and correct.

_____
James Weiler