**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| V.I.P. Mortgage Incorporated,<br><br>    Plaintiff,<br><br>v.<br><br>Jennifer Gates,<br><br>    Defendant. | No. CV-24-02865-PHX-DWL<br><br>**ORDER** |

In July 2024, an arbitrator ordered V.I.P. Mortgage, Inc. ("VIP") to pay $650,805.41 to Jennifer Gates ("Gates"). (Doc. 1-2.) VIP then initiated this action to vacate the arbitrator's award and Gates filed a motion to confirm the award. (Docs. 1, 6.) On November 14, 2024, the Court issued an order granting Gates's confirmation motion and denying VIP's vacatur request. (Doc. 12.) That same day, the Clerk entered judgment in Gates's favor. (Doc. 13.) Later, on December 30, 2024, the Court issued an order awarding Gates an additional $11,613.73 in attorneys' fees. (Doc. 20.) VIP has filed a notice of appeal from the judgment (Doc. 17) but not from the fee award.

Now pending before the Court is VIP's motion to stay execution pending appeal and request for approval of bond. (Doc. 21.) In support, VIP has provided a copy of a supersedeas bond it obtained from a surety, Merchants Bonding Company, in the amount of $813,431.76. (*Id.* at 6.) VIP contends this bond should be deemed sufficient under Rule 62(b) because it "is enough to cover the full judgment owed to Gates pursuant to the Arbitration Award and this Court's Attorneys' Fees Award . . . including accounting for

potential respective interest." (*Id.* at 2.) In response, Gates states as follows: "Gates agrees, subject to the approval of the Court, and the *actual* posting of the bond, that a supersedeas bond in the amount of $813,431.76 shall be sufficient security for a stay of enforcement of and/or execution on the judgment pending appeal by VIP." (Doc. 22 at 1.) In reply, VIP states: "To clarify, [VIP] has *already* obtained the appeal bond in the amount of $813,431.76, attached as Exhibit A to its Motion to Stay. Indeed, Gates recognizes in her Response, the bond amount is sufficient. As such, [VIP] respectfully request the Court grant the stay, approve the Bond, and direct [VIP] to post the Bond by filing the same with this Clerk of this Court." (Doc. 23 at 1.)

      VIP's request is governed by Rule 62(b), which provides that "[a]t any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security." This rule "entitles a party who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right." *Arban v. West Pub. Corp.*, 345 F.3d 390, 409 (6th Cir. 2003). Although Rule 62(b) "is silent as to the required amount of a supersedeas bond," its predecessor "had directed that the amount of the bond be computed by the district court to include the whole amount of the judgment remaining unsatisfied, costs on the appeal, interest, and damages for delay, unless the court after notice and hearing and for good cause shown fixes a different amount or orders security other than the bond" and Rule 62(b) "has been read consistently with the earlier rule." *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1029 (N.D. Cal. 2012) (cleaned up). Thus, "[a]lthough practices vary among judges, a bond of 1.25 to 1.5 times the judgment is typically required." *Id.*

      Here, the proffered bond is about 1.25 times the size of the underlying judgment, which is ordinarily sufficient, and Gates does not dispute the size or sufficiency of the bond. Accordingly, the Court approves the bond and orders that the stay will take effect upon VIP's posting of the bond with the Clerk of Court. Finally, the Court also clarifies that the stay of execution applies both to the judgment entered on November 14, 2024 (Doc.

1   13) and the fee award issued on December 30, 2024 (Doc. 20).  Although VIP did not file a notice of appeal from the fee award,[1] the validity of that award may be contingent on what happens during VIP's appeal.  At any rate, VIP's stay request encompasses both the judgment and the fee award (Doc. 21 at 2) and Gates did not oppose the scope of the stay request.  *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020).

Accordingly,

**IT IS ORDERED** that:

1. VIP's motion (Doc. 21) is **granted**.

2. Upon VIP's posting of the supersedeas bond (Doc. 21 at 6) with the Clerk of Court, execution on the judgment (Doc. 13) and fee award (Doc. 20) shall be **stayed** pending VIP's appeal of the judgment to the Ninth Circuit.  The stay shall remain in effect until the Ninth Circuit's mandate issues.

Dated this 5th day of February, 2025.

Dominic W. Lanza
United States District Judge

---

[1] *Culinary & Serv. Employees Union, Local 555 v. Hawaii Employee Benefit Admin.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("Where no notice of appeal from a post-judgment order awarding attorneys' fees is filed, the court of appeals lacks jurisdiction to review the order.").