**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| V.I.P. Mortgage Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jennifer Gates,<br><br>　　　　　Defendant. | No. CV-24-02865-PHX-DWL<br><br>**ORDER** |

Jennifer Gates ("Gates") filed an arbitration demand against her former employer, V.I.P. Mortgage, Inc. ("VIP"), for unpaid overtime compensation under the Fair Labor Standards Act ("FLSA"). On July 22, 2024, following a four-day hearing, the arbitrator issued a detailed 25-page decision concluding that although Gates had overstated her hours-worked claims in various respects, Gates was still entitled to overtime compensation, liquidated damages, and attorneys' fees and costs, resulting in a total award of $650,805.41. (Doc. 1-2.) The order further specified that "[p]ost-judgment interest on this award shall accrue at the same rate as is applicable to matters proceeding to judgment in the U.S. District Court for the District of Arizona." (*Id.* at 26.)

Following the issuance of the arbitrator's decision, VIP filed a petition in this Court to vacate or modify the award (Doc. 1) and Gates moved to confirm the award (Doc. 6). In a November 14, 2024 order, the Court affirmed the award in full. (Doc. 12.) Afterward, Gates filed a motion to recover the attorneys' fees she incurred during the proceedings in this Court. (Doc. 14.) In a December 30, 2024 order, the Court granted the motion and

awarded $11,613.73 in fees. (Doc. 20.)

VIP filed a notice of appeal from the order confirming the arbitration award (Doc. 17) and also moved to stay execution pending appeal (Doc. 21). In support of the stay request, VIP posted a supersedeas bond it had obtained from a surety, Merchants Bonding Company, in the amount of $813,431.76. (Doc. 26.) In a February 5, 2025 order, the Court granted VIP's stay request. (Doc. 24.) The order clarified: "Upon VIP's posting of the supersedeas bond with the Clerk of Court, execution on the judgment and fee award shall be stayed pending VIP's appeal of the judgment to the Ninth Circuit. The stay shall remain in effect until the Ninth Circuit's mandate issues." (*Id.* at 3, citations omitted.)

On December 22, 2025, the Ninth Circuit issued an opinion and accompanying memorandum decision affirming this Court's order upholding the arbitration award in full. (Docs. 29-1, 29-2.) On January 13, 2026, the mandate issued. (Doc. 29.) Following the issuance of the mandate, the parties filed two motions, which are addressed below.

I.     Motion For Partial Release Of Supersedeas Bond

Gates has moved for "an order releasing the supersedeas bond . . . and directing disbursement of the bond proceeds to Gates as the judgment creditor and prevailing party on appeal." (Doc. 30.) According to Gates, "[o]nce the appellate mandate has issued and the judgment is affirmed, the purpose of the supersedeas bond is fulfilled, and the judgment creditor is entitled to release and disbursement of the bond proceeds." (*Id.* at 2.) Gates thus asks the Court to "[d]irect[] that the supersedeas bond posted by [VIP] in the amount of $706,206.50 be partially released, with the portion of the bond corresponding to the undisputed judgment amount disbursed to Gates, and the remaining balance of the bond to remain on deposit with [the surety] as security pending resolution of Plaintiff's Application for Attorneys' Fees related to the Ninth Circuit appeal." (*Id.* at 2.) Gates calculates this $706,206.50 figure as follows: "As of the date of this Petition, the total amount owed is $706,206.50 ($11,613.73 [attorney fee award] + $650,805.41 [Arbitration Award] + $43,787.34 [interest on the Arbitration Award]." (*Id.* at 1.)

VIP opposes Gates's motion on the ground that it "is premature" because "[t]he

Supersedeas Bond, by its express terms, is intended to secure the full scope of obligations that may arise from this litigation, including" any future award of attorneys' fees arising from the Ninth Circuit proceedings. (Doc. 32 at 3.) VIP also contends that Gates's motion "includes post-judgment interest calculations without demonstrating compliance with 28 U.S.C. § 1961, including the applicable rate and accrual methodology. The amount of interest owed has not been adjudicated or stipulated and should be confirmed through an agreed accounting before any disbursement is ordered." (*Id.* at 4.)

In reply, Gates contends: "The sole purpose of the supersedeas bond—protecting Gates during the pendency of the appeal—has been fulfilled. [VIP] does not dispute that the principal judgment and post-judgment interest are presently owed. Instead, it seeks to use the unresolved appellate fee application as a pretext to delay payment of amounts that are already fixed and undisputed." (Doc. 34 at 2.) Gates also explains how she calculated the post-judgment interest figure: "The [calculation] includes three fixed inputs: the judgment date (July 22, 2024), the judgment amount ($650,805.41), and the interest rate (4.38%). . . . [VIP] has offered no competing calculation and no evidence that Gates's figures are inaccurate." (*Id.* at 3-4.) Gates concludes: "[VIP's] refusal to permit partial disbursement therefore serves no legitimate business, legal, or equitable purpose. It merely increases its own liability while prolonging payment to Gates." (*Id.* at 4.)

The Court agrees with Gates that the stay of execution should be lifted and that the surety should be directed to release the sum that is currently owed to her. Although VIP emphasizes that the bond is large enough to cover, and contemplates providing coverage for, not just the sum that is currently owed to Gates but also a potential future award of attorneys' fees on appeal, this misses the point—now that the appellate proceedings are complete, Gates is entitled to recover the sum that is currently owed to her without further delay. It makes no sense to force her to wait to collect that sum (while post-judgment interest keeps accruing) simply because she may be entitled to recover even more money from VIP in the future. Indeed, in the February 5, 2025 order, the Court clarified that "execution on the judgment and fee award shall be stayed pending VIP's appeal of the

judgment to the Ninth Circuit. The stay shall remain in effect until the Ninth Circuit's mandate issues." (Doc. 24 at 3, citations omitted.) The mandate has now issued, so there is no reason to prevent Gates from collecting the sum she is now owed.

Unfortunately, the parties are not in agreement as to the size of the currently owed sum, and the Court does not fully agree with the approach set forth in Gates's motion for calculating interest. As noted, the arbitration award specified that "[p]ost-judgment interest on this award shall accrue at the same rate as is applicable to matters proceeding to judgment in the U.S. District Court for the District of Arizona." (Doc. 1-2 at 26.) Presumably for that reason, Gates's motion papers state that the date of the arbitration award—July 22, 2024—is the only relevant entry-of-judgment date for purposes of calculating post-judgment interest on the $650,805.41 arbitration award and that the applicable federal interest rate as of July 22, 2024 is the only relevant interest rate. (Doc. 34 at 3-4; Doc. 34-1 at 28.)

The Ninth Circuit has explained that "state law provides that pre-judgment interest is available from the date the arbitration panel renders its award. However, once an arbitration award is confirmed in federal court, the rate specified in § 1961 applies." *Fidelity Fed. Bank, FSB v. Durga Ma Corp.*, 387 F.3d 1021, 1024 (9th Cir. 2004). Therefore, two separate interest calculations are required with respect to the $650,805.41 arbitration award: *first*, there must be a calculation of the interest that accrued between the issuance of the arbitration decision on July 22, 2024 and the issuance of this Court's judgment affirming the arbitration decision on November 14, 2024; and *second*, there must be a calculation of the interest that has accrued since the issuance of this Court's judgment on November 14, 2024. Although the arbitration award understandably referred to the former as "[p]ost-judgment interest," only the latter qualifies as "post-judgment interest" under 28 U.S.C. § 1961 because the only "judgment" that matters for purposes of § 1961 is the federal judgment. In contrast, the interest that accrued between the issuance of the arbitration award and this Court's judgment is, at least as it relates to these proceedings, pre-judgment interest. *Fidelity Fed. Bank*, 387 F.3d at 1024.

Under this approach, the relevant calculations are as follows. First, as for the pre-judgment interest that accrued between July 22, 2024 and November 14, 2024, the arbitration award specified that the applicable interest rate would be the rate that would otherwise apply under § 1961. And under that statute, "post-judgment interest shall be calculated . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." *Houweling Intellectual Properties Inc. v. Copperstate Farms LLC*, 2025 WL 522540, *7 (D. Ariz. 2025) (cleaned up). "Historical interest rate information is located on the Federal Reserve's website." *Id.* at *7 n.11. The data download program available on that website indicates that the daily "Market yield on U.S. Treasury securities at 1-year constant maturity, quoted on investment basis" for the calendar week preceding July 22, 2024 was as follows: 4.85% on July 15, 2024; 4.85% on July 16, 2024; 4.85% on July 17, 2024; 4.86% on July 18, 2024; and 4.86% on July 19, 2024. The average of those figures is 4.856%.[1] Thus, Gates was entitled to daily simple pre-judgment interest on the arbitration award in the amount of $86.58 (*i.e.*, $650,805.41 multiplied by 4.856%, then divided by 365). Additionally, there were 115 days between July 22, 2024 and November 14, 2024. Thus, as of the date of entry of judgment, Gates was entitled to pre-judgment interest in the amount of $9,956.70 (*i.e.*, the daily rate of $86.58 multiplied by 115). This means the overall value of the judgment that Gates obtained on November 14, 2024 was $660,762.11 (*i.e.*, the principal award of $650,805.51 plus pre-judgment interest of $9,956.70).

Second, as for the post-judgment interest that has accrued since the entry of judgment on November 14, 2024, a new interest rate must be calculated to account for the new entry-of-judgment date. The data download program available on the Federal Reserve's website indicates that the daily "Market yield on U.S. Treasury securities at 1-year constant maturity, quoted on investment basis" for the calendar week preceding

---

[1]   Gates's motion states that the applicable interest rate arising from a July 22, 2024 judgment date is 4.38%. (Doc. 34 at 4.) It is unclear how Gates calculated that figure.

November 14, 2024 was as follows: 4.25% on November 4, 2024; 4.27% on November 5, 2024; 4.31% on November 6, 2024; 4.28% on November 7, 2024; and 4.32% on November 8, 2024. The average of those figures is 4.286%. Thus, Gates is entitled to daily simple post-judgment interest in the amount of $77.59 (*i.e.*, $660,762.11 multiplied by 4.286%, then divided by 365).[2] Additionally, 456 days have elapsed between November 14, 2024 and today, February 13, 2026. Thus, as of today, Gates is owed $35,381.04 in post-judgment interest (*i.e.*, the daily rate of $77.59 multiplied by 456) on top of the $660,762.11 judgment. Those figures, together, add up to $696,143.15.

Finally, there is also the $11,613.73 fee award. The relevant entry-of-judgment date for that award is also November 14, 2024, even though it was not issued until December 30, 2024. *Friend v. Kolodzieczak*, 572 F.3d 1386, 139-192 (9th Cir. 1995) ("Interest runs from the date that entitlement to fees is secured, rather than from the date that the exact quantity of fees is set."); *Finkelstein v. Bergna*, 804 F. Supp. 1235, 1240 (N.D. Cal 1992) ("[A] finding that no interest is available between the judgment on the merits and the determination of the amount of fees would be both incongruous and contrary to the policies governing rate-setting."). As noted, the relevant post-judgment interest rate for a judgment entered on that date is 4.286%, so Gates is entitled to daily simple post-judgment interest on the fee award in the amount of $1.36 (*i.e.*, $11,613.73 multiplied by 4.286%, then divided by 365). Ands because 456 days have elapsed between November 14, 2024 and today, Gates is owed $621.86 in post-judgment interest (*i.e.*, the daily rate of $1.36 multiplied by 456) on top of the $11,613.73 fee award. Those figures, together, add up to $12,235.59.

Based on these calculations, Gates is owed a total of $708,378.74 (*i.e.*, $696,143.15 plus $12,235.59) as of today, inclusive of post-judgment interest. The Court will direct the surety to award this sum.[3]

---

[2] The Court utilizes $660,762.11, rather than $650,805.51, for purposes of this post-judgment interest calculation because, as discussed above, $660,762.11 was the overall amount owed to Gates (inclusive of pre-judgment interest) at the time of entry of the federal judgment.

[3] Should either side disagree with the interest calculations set forth in this order, that

1     Finally, to the extent Gates seeks an order that "[t]he remaining balance of the bond shall remain on deposit with Merchants Bonding Company (Mutual) as security pending resolution of Plaintiff's Application for Attorneys' Fees related to the Ninth Circuit appeal" (Doc. 30-1 at 1), this request is denied. The purpose of the bond was to justify the issuance of a stay of execution on the arbitration award and the fee award during the pendency of VIP's appeal. That appeal is now over, and as discussed above, Gates may now collect the sum that is currently owed to her. Although Gates intends to file a future motion for her attorneys' fees incurred on appeal, no such motion has been filed and no such award has been issued. In effect, then, Gates's request amounts to a request to force VIP to post a bond to satisfy a hypothetical future fee award. But this misunderstands the purpose of the bond requirement, which is simply to justify a stay of execution on an already-issued award during the pendency of the losing party's appeal from that award. *See generally* 2 Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 62 (2022) ("The stay-by-security process protects both sides of the suit by effectively preserving the financial status quo. It protects the party taking the appeal by suspending payment of the judgment until the conclusion of the appeal. If a party had to pay the judgment in order to appeal, it would be subject to the risk that the money would be gone by the time it won on appeal and tried to get the money back. At the same time, the bond protects the judgment winner by ensuring full payment of the judgment later if it is upheld.").

II.   Extension Request

The parties have also filed a "joint motion to extend the date for Gates to file her motion for attorney's fees and costs until 14 days after the Court rules on the petition to release the bond." (Doc. 33, capitalization omitted.) That request is granted. Gates's motion is due within 14 days of the issuance of this order.

…

…

---

party is welcome to file a motion for reconsideration pointing out the perceived error. The Court chose to issue this order without soliciting further feedback from the parties to avoid causing post-judgment interest to continue accruing.

Accordingly,

**IT IS ORDERED** that:

1. Gates's motion for partial release of supersedeas bond (Doc. 30) is **granted in part and denied in part**.

2. Merchants Bonding Company (Mutual) is authorized and directed to disburse $708,378.74 to Gates by issuing payment via check payable to:

Jennifer Gates

c/o Jason Barrat, Esq.

Weiler Law, PLLC

5050 North 40th Street, Suite 260

Phoenix, Arizona 85018

3. Upon disbursement of the proceeds as ordered herein, Merchants Bonding Company (Mutual), as surety, and VIP Mortgage Incorporated, as principal, are fully released and discharged from any and all obligations, liabilities, or responsibilities under the supersedeas bond.

4. The parties' joint extension request (Doc. 33) is **granted**. Gates's motion for attorneys' fees and costs is due within 14 days of the issuance of this order.

Dated this 13th day of February, 2026.

_____
Dominic W. Lanza
United States District Judge