James Weiler; AZ Bar No. 034371
**WEILER LAW, PLLC**
5050 N. 40th Street, Suite 260
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
jweiler@weilerlaw.com

Attorneys for Jennifer Gates

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **V.I.P. Mortgage, Inc.;** an Arizona Corporation; <br><br> Plaintiff/Respondent, <br><br> v. <br><br> **Jennifer Gates**, an Arizona Resident; <br><br> Defendant/Claimant. | Case No. 2:24-CV-02865-DWL <br><br> **PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** <br><br> **(Assigned to the Hon. Hon. Dominic W. Lanza)** |

In accordance with F.R.Civ.P. 54, 29 U.S.C. § 216(b), LRCiv 54.1 - 54.2, and the Appellate Order transferring consideration of attorneys' fees to the District Court (Appellate Dkt. 42), Gates (hereafter Gates or "Plaintiff[1]"), by and through undersigned counsel, files this Motion for Attorneys' Fees and Costs. As set forth below, attorneys' fees are warranted, and are in fact required, because Gates was the prevailing party with respect to her claim under the Fair Labor Standards Act ("**FLSA**") against V.I.P. Mortgage, Inc. (hereafter "VIP" or "Defendant") by decision of the Court of Appeals for the Ninth Circuit. (Dkt. 29). Pursuant to that decision, the Appellate Court affirmed the full

---

[1] For the purposes of this Motion, Gates will be referred to as Plaintiff or Claimant and VIP will be referred to as Defendant or Respondent even though they are titled opposite in the case caption.

Arbitration judgment and attorneys' fees award. This Motion is further supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Gates filed a demand for arbitration on September 30, 2022, alleging that VIP violated her rights protected under the FLSA by not paying her overtime for hours worked. On July 22, 2024, the Arbitrator issued a Final Award to Gates in the amount of $650,805.41 for unpaid overtime compensation, liquidated damages, and attorneys' fees and costs. (Dkt. 6-1).

On October 21, 2024, VIP filed a complaint and petition with this Court to vacate and/or modify the arbitration Award. (Dkt. 1). On October 24, 2024, Ms. Gates filed a motion to confirm the arbitration award and to enter judgment. (Dkt. 6). On November 14, 2024, this Court entered an Order denying VIP's vacatur petition and granting Ms. Gates's motion to confirm the arbitration award, and a Judgment of Dismissal confirming the arbitration award and dismissing the case. (Dkts. 12, 13).

On January 7, 2025, VIP filed an appeal to the 9th Circuit. On January 13, 2026, the 9th Circuit affirmed the rulings of the arbitrator and the District Court in favor of Gates.

**II.   ELIGIBILITY & ENTITLEMENT**

    **A.   <u>Attorneys' Fees and Costs are Required Because Gates is the Prevailing Party</u>**

The FLSA contains a fee-shifting provision that requires defendants to pay attorneys' fees and costs to a prevailing plaintiff [or Claimant]. ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable

attorney's fee to be paid by the defendant, and costs of the action."). *See* 29 U.S.C. § 216(b). "Such awards may include fees for appellate and post-remand services." *Newhouse v. Robert's Ilima Tours, Inc.*, 708 F.2d 436, 441 (9th Cir. 1983) (citing *Perkins v. Standard Oil Co.*, 399 U.S. 222, 26 L. Ed. 2d 534, 90 S. Ct. 1989 (1970); *Suzuki v. Yuen*, 678 F.2d 761, 762 (9th Cir. 1982), and cases cited therein); *see also McGrath v. Cent. McGrath v. Cent. Masonry Corp.*, No. 06-cv-00224-CMA-CBS, 2010 U.S. Dist. LEXIS 152322, at *28 (D. Colo. Feb. 26, 2010) ("Plaintiff is entitled to a supplemental award of attorneys' fees incurred in connection with post-judgment filings before this Court.").

By virtue of the Ninth Circuit's affirmation of this Court's order in Gates's favor on entry of judgment, Gates is indisputably the prevailing party in this litigation. Accordingly, Gates as the prevailing party is entitled to a supplemental award of attorneys' fees and costs.

**B.      Gates is Entitled to Additional Fees Associated with Preparing this Motion for Attorneys' Fees and Costs.**

Gates is also entitled to recover attorneys' fees incurred for the preparation of this Motion for Attorneys' Fees and Costs. A party that is entitled to an award of attorney fees is entitled to compensation for the time expended on an application for attorney's fees. *Pure Wafer Inc. v. City of Prescott*, No. 13-CV-8236, 2014 WL 3797850, at *11 (D. Ariz., July 29, 2014), *quoting Southeast Legal Defense Group v. Adams*, 657 F.2d 1118, 1126 (9th Cir. 1981) ("It would be inconsistent with the purpose of (the statute) to dilute an award of fees by refusing to compensate an attorney for time spent to establish a reasonable fee"). *See also Coulter v. State of Tenn.*, 805 F.2d 146, 151 (6th Cir. 1986) ("The cases from this and other circuits uniformly hold that a lawyer should receive a fee for successfully litigating

the attorney fee case after the original case is over . . ..."), *abrogated on other grounds by The Northeast Ohio Coalition for the Homeless v. Husted*, 861 F.3d 686 (6th Cir. 2016). This Court has also recognized that Arizona law supports the recovery of attorneys' fees incurred in preparing a fee application. *Gametech Int'l, Inc. v. Trend Gaming Sys.,* LLC, 380 F.Supp.2d 1084, 1101 (D. Ariz 2005) (citing *Schweiger v. China Doll Rest. Inc.*, 673 P.2d 927, 932 (Ariz. Ct. App. 1983)). Therefore, the attorneys' time spent preparing this Motion is included in the itemized statement of attorneys' fees expended. (Attached hereto as "**Exhibit 3**"). Gates will add additional time for drafting the Reply and will set forth that time requested in the Reply based upon the time spent.

## III.  REASONABLENESS OF REQUESTED AWARD

In determining an award of attorneys' fees in a FLSA action, "[t]here exists a strong presumption of the reasonableness of the lodestar amount." *Saizon v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). Under the lodestar method, the Court determines a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983), *superseded by statute on other grounds*. The "reasonable hourly rate" is not determined by the rates charged but by the rate prevailing in the community for "similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

To determine the reasonableness of the hourly rate and hours expended, the Court should consider the *Kerr* factors. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *see also Cunningham v. Cnty. Of Los Angeles*, 879 F.2d 481, 487 (9th Cir.

4

1988). These factors are: "(1) the novelty and complexity of the issues, (2) the special skill and experience of counsel, (3) the quality of representation, and (4) the results obtained." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1262 n. 6 (9th Cir. 1987).

The attached declarations of James Weiler (attached hereto as "**Exhibit 1**") and Jason Barrat ("**Exhibit 2**") establish the reasonableness of the fees requested. An itemized statement of attorneys' fees expended contains the attorneys' time spent prosecuting this claim. (*See* **Exhibit 3**). Factors to consider when determining whether the amount of fees is reasonable include, but are not limited to the following: (1) time and labor required of counsel; (2) novelty and difficulty of the questions; (3) requisite skill required to perform legal services; (4) preclusion of other employment by counsel because of the acceptance of the action; (5) customary fee charged; (6) whether the fee contracted between the attorney and the client is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) amount of money and the results obtained; (9) experience, reputation, and ability of counsel; (10) undesirability of the case; (11) nature and length of counsel's attorney-client relationship; (12) awards in similar cases; and (13) any other matters deemed appropriate under the circumstances. *See* LRCiv. 54.2(c)(3) (listing the various factors bearing on the reasonableness of the requested award of attorneys' fees). Under the *Lodestar* and *Kerr* frameworks, an evaluation of the appropriate factors listed in Local Rule 54.2(c)(3) establishes that the requested attorneys' fees award is reasonable in this action.

    **1.**    **Time and Labor required.**

The declarations demonstrate that the qualities of Gates's advocates warrant the fees requested. This case for which this motion is asking for fees and costs had an abundance

of post-judgment appellate practice, in addition to collections activity, motions in state court, motions in federal court, and relitigating issues that were dormant for periods of time. Exhibit 3 is a log of all time that was expended on this case since the previous motion for attorneys' fees.

Support staff for Weiler Law, PLLC spent approximately 20 additional hours working on this case, which has been written off in its entirety. At a paralegal/support staff rate of $100 per hour the potential support staff time that has been omitted amounts to $2,000. This further demonstrates the reasonableness of fees requested in this motion.

**2.     Novelty and Difficulty of the Question Involved.**

VIP argued and attempted to explain in multiple venues that their arguments to set aside the judgments were novel. Gates does not disagree that the arguments set forth by VIP were novel or unorthodox. Further, Gates argues, as set forth in her pending FLSA retaliation claim, that the post-judgment actions taken by VIP were retaliatory in nature.

**3.     Skill Requisite to Perform the Legal Service Properly.**

The skill and competence are exhibited by the fact that Plaintiff prevailed on appeal, preserving the full amount of the judgment, attorneys' fees and costs awards, as well as obtaining post-judgment interest. The skills and experience are also set forth in the declarations of James Weiler and Jason Barrat in Exhibits 1 and 2.

**4.     Preclusion of Other Employment by the Attorney Due to Acceptance of the Case.**

From the outset, the prosecution of any FLSA case involves significant financial risks for counsel. During long periods of the appeal, undersigned was unavailable to do consultations and work on other client matters which created a backlog as counsel for Gates

worked on briefs or prepared for oral argument.

**5.    Customary Fee and Prevailing Market Rate in the Community.**

James Weiler is a partner at Weiler Law PLLC, who has over 16 years' experience, and currently bills for his services at $495 an hour. *See* Exhibit 1. Mr. Weiler increased his rate on December 1, 2025 from $450 to $495 and since then has had about 25 consultations where potential clients and current clients have paid $495 an hour for his services.

Jason Barrat, a partner at Weiler Law PLLC who has over 14 years' experience as a litigator, bills services at $495.00 per hour.

These rates are appropriate and commensurate with their experience when compared to the rate charged by other attorneys of similar experience and capabilities—especially where the recovery of their fees in this case is contingent on a successful outcome. *See* Exhibits 1 and 2.

The reasonable rate should generally be guided by "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11, 104 S.Ct. 1541 (1984)). The prevailing market rate in the community in which the lawsuit was filed is indicative of a reasonable hourly rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Plaintiffs bear the burden of producing "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (internal citation omitted) (citing *Blum*, 465 U.S. at 895 n.11, 104 S.Ct. 1541). The production of

"satisfactory evidence" is not limited by Local Rule 54.2, which permits supporting documentation such as "other affidavits or evidentiary matter deemed appropriate under the circumstances." LRCiv 54.2(d)(5).

**a. Gates's Counsel's Affidavit**

Mr. Weiler has been lead counsel on this case and has been a member in good standing of the State Bar of Arizona since April of 2018 and a member in good standing of the State Bar of Illinois since November of 2009. He practices employment law and has represented numerous employment litigation plaintiffs in both Superior Court, Federal Court, and Arbitrations. He is one of two partners, including Jason Barrat, at Weiler Law PLLC. He bills at $495.00 per hour. *See* Exhibit 1 for a more comprehensive recitation of Mr. Weiler's qualifications.

Jason Barrat has been co-counsel on this case and has been a member of the State Bar of Arizona since January of 2012. During his entire tenure as a litigator, his full practice has been devoted to plaintiff wage and hour employment law. Mr. Barrat has litigated over three hundred lawsuits for employees during this time frame. Mr. Barrat provides representation to his clients on a contingency basis. *See* Exhibit 2 for a more comprehensive recitation of Mr. Barrat's qualifications.

**b. Rate determinations in other cases**

On November 13, 2025, the Court awarded Clifford Bendau, who has a similar practice but has been licensed only 13 years, $495 per hour. "Plaintiff has demonstrated that the requested attorneys' fees and costs are reasonable. Plaintiff's counsel, Clifford P. Bendau, II, and Christopher J. Bendau, are seeking attorneys' fees at the hourly rates of $495 and $445, respectively. Such a rate does not exceed the market rate and is not

unreasonable." *Lopez v. Babas Motorsports LLC,* No. CV-24-03090-PHX-JJT, 2025 WL 3166859, at *2 (D. Ariz. Nov. 13, 2025).

**6.    Whether the Fee is Fixed or Contingent.**

FLSA cases are traditionally accepted on a contingency fee basis where the attorney must bear all risks associated with prosecuting the plaintiffs' claims. This case is no different: Gates retained counsel on a pure contingency fee agreement under which Gates would owe nothing to counsel, and counsel would not have received reimbursement from Gates for attorneys' fees, were they not to prevail.

Additionally, all out of pocket costs and collections fees were also paid by the firm with no guarantee of reimbursement.

**7.    Time Limitations Imposed by the Client or the Circumstances.**

The filing of the appeal created deadlines that Gates' attorneys were required to meet or dates for which they were required to present oral argument. These deadlines took precedence over any other matters counsel was attending to unrelated to this claim. Attorney's time expended is set forth in Exhibit 3.

**8.    Amount Involved and the Results Obtained.**

Gates's attorneys have obtained excellent results for Gates. The full arbitration award, attorneys' fees and costs awards, as well as the award of post-judgment interest were all affirmed on appeal without any deductions.

**9. Experience, Reputation, and Ability of the Attorneys.**

The experience and qualifications of counsel are documented in the Declarations of James Weiler in Exhibit 1 and Jason Barrat in Exhibit 2.

**10. "Undesirability" of the Case.**

From the outset, the prosecution of any FLSA case involves significant financial risks for counsel. Weiler Law undertook this matter solely on a contingent basis, with no guarantee of recovery of fees or even reimbursement of costs, ability to collect on this matter in the event of a judgment or settlement, and no guarantee as to the potential duration of this litigation.

While attorneys who regularly represent corporations are routinely paid on an hourly basis, plaintiffs in wage and hour cases can rarely afford representation on an hourly basis, at least not representation by a firm that is well known for achieving good results. It is for that reason that Weiler Law agreed to litigate this case on a wholly contingent basis. In doing so, there was, and is, no guarantee of fees, or even the reimbursement of litigation costs. Similarly, there is no guarantee as to the potential duration of the litigation or the collectability of defendants.

**11. Nature and Length of the Professional Relationship with the Client.**

Weiler Law has represented Plaintiff in this case dating back to September 2022. The first time Plaintiff or her attorneys received any payment was on February 19, 2026 – around three-and-a-half years later.

**12.    Awards in similar actions.**

In a similar case where it started as an FLSA default judgment, then collections, then motions to set aside the judgment, then appeals, with multiple motions of attorneys' fees, the Court awarded $58,951 in attorneys' fees and costs. *See Castro v. C&C Verde LLC et al* - 2:18-cv-04715-JJT at Dkt. 89.

**13.    Other Information in this case.**

Pursuant to LRCiv 54.2(d)(1), Exhibit 5 is the statement of consultation. (See

**Exhibit 5**.)

Attached as Exhibit 6 is also the engagement agreement between Gates and her counsel. (See **Exhibit 6**.)

**IV.   PLAINTIFF IS ENTITLED TO NON-TAXABLE COSTS INCLUDING COLLECTION COSTS**

Plaintiff also seeks $6,466.63 in non-taxable costs. (*See* **Exhibit 4** and Attachment 1 thereto).

"'Under the Fair Labor Standards Act, costs ['of the action'] include reasonable out-of-pocket expenses.' *Van Dyke v. BTS Container Serv., Inc.*, Civil No. 08-561-KI, 2009 WL 2997105, at *2 (D. Or. Sept. 15, 2009) (citing *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 969 (10th Cir. 2002)." "Costs of the action "can include costs beyond those normally allowed under Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920. *Id*. (citing *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988) (FLSA's costs provision authorizes an award of costs as part of a "reasonable attorney's fee," which would not be authorized under Rule 54 of 28 U.S.C. § 1920). *Robledo v. Orellana*, 2012 WL 442122, *3 (D. Or. February 10, 2012).

"Courts have concluded that similar fee-shifting language in analogous federal statutes should be construed to encompass reasonable attorneys' fees and costs incurred during post-judgment collection efforts." *Alvarez v. Talaveras Renovations LLC*, No. CV-23-02654-PHX-DWL, 2024 U.S. Dist. LEXIS 49054, at *5 (D. Ariz. Mar. 20, 2024) (citing *Sky Cable, LLC v. DIRECTV, Inc.*, 23 F.4th 313, 318-19 (4th Cir. 2022)).

Accordingly, Plaintiff's counsel requests that this Court award $6,466.63 in costs.

11

## V. CONCLUSION

For the foregoing reasons this Court should award Gates her total attorneys' fees in the amount of **$61,628.00**. The Court should also award costs in the amount of **$6,466.63**. Finally, Gates asks the Court to award post judgment interest.

RESPECTFULLY SUBMITTED February 27, 2026.

**WEILER LAW PLLC**

By: */s/ James Weiler*
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2026, I electronically transmitted the foregoing document to the United States District Court, District of Arizona, Court Clerk, using the CM/ECF System. All counsel of record are registrants and are therefore served via this filing and transmittal.

*/s/ Ashley Peschke*